UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ALLIED WORLD ASSURANCE )
COMPANY (U.S.) INC., )
                                )
     Plaintiff, )
                                )
   v. )   CIVIL NO. 2:12cv317
                                )
AHEPA NATIONAL HOUSING CORP., *et al* )
                                )
     Defendants. )

<u>OPINION AND ORDER</u>

This matter is before the court on a motion to dismiss for improper venue or alternatively to transfer venue, filed by the defendants AHEPA National Housing Corp., AHEPA Affordable Housing Management Co., Inc. d/b/a AHEPA Management Company, Inc., AHEPA 242, Inc., AHEPA 284 III, Inc., and AHEPA 284 IV, Inc. (collectively "AHEPA"), on September 25, 2012. The plaintiff, Allied World Assurance Company (U.S.) Inc., ("Allied"), filed its response on January 14, 2013, to which AHEPA replied on January 24, 2013.

For the following reasons, the motion to transfer will be granted.

<u>Discussion</u>

This is an insurance coverage declaratory judgment action. (Complaint). Allied, an insurance company, is a Delaware corporation with its principal place of business in New York. (Complaint, ¶3). The subject matter of Allied's Complaint and the insurance claim at issue are three senior adult living facilities, all located in South Carolina. (Complaint, ¶6, 20). Specifically, two of the three facilities are located in Columbia, South Carolina, and the third in Greenville, South Carolina. (Complaint, ¶6, Affidavit of Chris Kapetanakos, ¶3; Affidavit of John

Zourzoukis, ¶3)). The ownership of these three facilities, known as AHEPA 242, Inc., AHEPA 284 III, Inc. and AHEPA 284 IV, Inc., are all South Carolina corporations with their principal place of business in South Carolina. (Complaint, ¶6, 11-12, Affidavit of Kapetanakos, ¶3-4, Affidavit of Zourzoukis, ¶3-4).

Allied's Complaint alleges that beginning in late 2010, the South Carolina residents of the South Carolina senior residential facilities at issue began complaining of health problems caused by mold or other harmful conditions brought upon by water leakage into their residential units. (Complaint, ¶13). On January 31, 2012, Defendants AHEPA 284 III, AHEPA 284 IV, Inc. and AHEPA Affordable Housing Management Co., Inc. filed suit in Richland County, South Carolina, against various contractors that had worked on the South Carolina AHEPA 284 senior facilities. (Complaint, ¶16, Ex. F, G). On February 14, 2012, Defendants AHEPA 242, Inc. and AHEPA Affordable Housing Management Co., Inc. filed suit in Richland County, South Carolina regarding the other South Carolina senior facility, AHEPA 242. (Complaint, ¶18, Ex. H).

Allied has insured AHEPA for relevant policy periods. (Complaint, ¶7-10, Ex. A-D). Allied now brings this declaratory judgment action claiming that Allied owes no duty to AHEPA under the insurance policies at issue for several different reasons, including because there was no "direct physical loss," this was a "known loss," mold or fungi are excluded from Allied's insurance coverage, and/or that AHEPA failed to properly present a proof of loss, etc. (Complaint, ¶27). The insurance policy itself states that it is between Allied (with a Boston, Massachusetts location) and Defendant "AHEPA National Housing Corp., et al." (located in Fishers, Indiana), which by endorsement covers the South Carolina facilities at issue. (See e.g.,

2

Complaint, Ex. A, page 1 and page AW Blank, 0105, Ex. D., page 1 and page PEN 0009 99 0609.

AHEPA points out that the only connection to Indiana alleged in the Complaint is that the first two Defendants named, AHEPA National Housing Corporation, and AHEPA Affordable Housing Management Co., Inc., are Indiana corporations with their principal place of business in Fishers, Indiana. (Complaint, ¶4-5). Fishers, Indiana is located in Hamilton County, Indiana, governed by the Southern District of Indiana, not the Northern District of Indiana. (Affidavit of Kapetanakos, ¶4, Affidavit of Zourzoukis, ¶4). Both such Defendants only perform management services for the South Carolina facility Defendants. (Affidavit of Kapetanakos, ¶4, Affidavit of Zourzoukis, ¶4). Neither own the South Carolina facilities at issue. (Complaint, ¶6; Affidavit of Kapetanakos, ¶4, Affidavit of Zourzoukis, ¶4). The South Carolina Corporate Defendants are not subsidiaries of the Indiana corporate Defendants. (Affidavit of Kapetanakos, ¶4, Affidavit of Zourzoukis, ¶4).

AHEPA states that likely witnesses for AHEPA include Nancy Mims, Region 4B Area Manager for AHEPA Affordable Housing Management Company, Columbia, South Carolina; representatives of AHEPA 284, III and IV, Inc., Columbia, South Carolina; representatives of AHEPA 242, Inc., Greenville, South Carolina; Chris Kapetanakos, South Carolina; John Zourzoukis, South Carolina; Buddy Player, Miller Player & Associates, Greenville, South Carolina; Kay P. Michael-Raby, Raby Construction Company, LLC, Greenville, South Carolina; James K. Baber, Jr., Metalworks Unlimited, LLC, Greenville, South Carolina; and a representative of the United States Housing and Urban Development Agency, Columbia, South Carolina. AHEPA further states that the only witnesses known at this time who are not located in

South Carolina are representatives of AHEPA Affordable Housing Management Company, Fishers, Indiana, and possibly a representative of GE Appliances, Louisville, Kentucky. (Affidavit of Kapetanakos, ¶5, Affidavit of Zourzoukis, ¶5). AHEPA notes that Allied's Complaint identifies a key non-party witness as being a representative of Risk-Tech, Inc., located in Charleston, South Carolina. (Complaint, ¶14, Ex. E).

AHEPA 242, Inc., AHEPA 284 III, Inc. and AHEPA 284 IV, Inc., are non profit entities and thus potential testifying representatives of those entities with knowledge of the properties at issue are unpaid volunteers. (Affidavit of Kapetanakos, ¶6, Affidavit of Zourzoukis, ¶6). The primary attorney representing the Defendants for these matters is John C. Hayes, Hayes Law Firm, LLC, 180 Meeting Street, Suite 330, Charleston, South Carolina 29401. (Affidavit of Kapetanakos, ¶7, Affidavit of Zourzoukis, ¶7; Complaint, Ex. F, G, H, I). Mr. Hayes wrote and forwarded the proof of loss that initiated this insurance coverage dispute from his office in Charleston, South Carolina. (See Complaint, Ex. I). The attorneys representing Allied are located in Downers Grove, Illinois. (Complaint, p. 12).

> Where jurisdiction is based solely on diversity, such as this action, venue exists in:
>
> > (1) A judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located, (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

See 28 U.S.C. §1391(b); See also *Consolidated Ins. Co. v. Vanderwoude*, 876 F. Supp. 198, 199 (N.D. Ind. 1995). The plaintiff has the burden of demonstrating that venue is proper in the

district in which it is filed. *Consolidated*, 876 F. Supp. at 199, citing *Grantham v. Challenge-Cook Bros., Inc.*, 420 F. 2d 1182, 1184 (7th Cir. 1970).

AHEPA argues that in the present case none of the §1391(b) criteria apply in the Northern District of Indiana.  Fishers, Indiana, where Allied alleges the two Indiana corporate defendants maintain their principal place of business is located in Hamilton County, Indiana. Hamilton County, Indiana, however, is located in and governed by the Southern District of Indiana, not the Northern District of Indiana.

Applying 28 U.S.C. §1391(b) to this case, the Northern District of Indiana is not the proper venue for this litigation. Subsection (b)(1) does not apply, because the Northern District is not the district in which any Defendant resides, nor are all Defendants residents of Indiana. Subsection (b)(2) does not apply, because given the allegations of the Complaint regarding residential facilities located in South Carolina, the Northern District is not the judicial district in which a substantial part of the events giving rise to the claim occurred. And, subsection (b)(3) does not apply, because the Northern District is not a district in which any Defendant is subject to this court's personal jurisdiction. The two Indiana corporate Defendants are located in the Southern District of Indiana, and the facility Defendants are all South Carolina corporations located in South Carolina. There is no connection, nor even an alleged connection, to the Northern District for any of the Defendants.  Clearly, venue is proper in the Southern District of Indiana, and not the Northern District of Indiana.

AHEPA asserts, however, that venue is also proper in the District of South Carolina, and prefers that this case be transferred to the District of South Carolina rather than the Southern District of Indiana.  28 U.S.C. §1406(a) is the applicable venue transfer statute when the district

in which the action has first been filed did not have proper venue/jurisdiction. *Collazo v. Enterprise Holdings, Inc.*, 823 F. Supp. 2d 865 (N.D. Ind. 2011). Section 1406(a) simply states "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any other district or division in which it could have been brought." Pursuant to §1406(a), this Court thus may transfer this case to an appropriate venue notwithstanding that it does not have personal jurisdiction over Defendants. *Collazo*, 823 F. Supp. 2d at 874. A district court may "transfer a case brought in the wrong division or district" to a district where it originally should have been brought. *Id*. See also *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989). As venue is not proper in the Northern District, this case must either be dismissed pursuant to Rule 12(b)(3), or transferred to another district pursuant to §1406(a). *Hapaniewski*, 883 F.2d at 579; *Collazo*, 823 F. Supp. 2d at 874; *Consolidated Ins. Co.,* 876 F. Supp. at 200-202.

In deciding whether transfer is appropriate pursuant to §1406(a), courts must look at "whether the transfer is in the interests of justice, that is, whether the transferee forum is convenient to the parties and witnesses as well as what impact transfer has on the efficient administration of the court system." *Collazo*, 823 F. Supp. 2d at 874, citing *Wild v. Subscription Plus, Inc.*, 292 F. 3d, 526, 530 (7th Cir. 2002). Allied acknowledges that venue is not proper in the Northern District of Indiana, but requests that this case be transferred to the Southern District of Indiana rather than to the District of South Carolina. Thus, this court must determine whether the convenience of the parties, the convenience of the witnesses, the situs of material events, and the interests of justice weigh in favor of transferring to the Southern District of Indiana or the District of South Carolina.

The parties in this matter reside in New York, Indiana and South Carolina. Allied, residing in New York, will be inconvenienced to some degree regardless of the venue. Allied has not pointed to any facts that show a greater inconvenience to litigate in South Carolina as opposed to Indiana. A party's failure to argue that the transferee venue would be more inconvenient is a factor to be considered. *See Amoco Oil Co. v. Mobil Oil Corp.* 90 F. Supp. 2d 958, 961 (N.D. Ill. 2000).

Defendants reside in Indiana, and primarily South Carolina. Clearly, it is more convenient for Defendants to litigate in South Carolina. Furthermore, because the inconvenience to Allied will not be materially increased by a transfer of venue to South Carolina, the transfer will not be "simply to shift one party's inconvenience onto the other party". *IP Innovation v. Lexmark Int'l, Inc.*, 289 F.Supp.2d 952, 953 (N.D. Ill. 2003). The convenience of the parties supports a transfer to the District of South Carolina.

Convenience of the witnesses must also be considered. Courts will often consider the number of witnesses for each party and the corresponding venue where their testimony would be most convenient. *See Somers v. Flash Technology Corp. of America*, 2000 WL 1280314 at *3 (S.D. Ind 2000). AHEPA does not deny that some key witnesses reside in Indiana, but notes that more key party witnesses reside in South Carolina than Indiana, most of whom are unpaid volunteers of Defendants' non-profit entities. Allied has not identified any witnesses who will be inconvenienced by a transfer of venue to the District of South Carolina. Equity lies in favor of venue transfer when a majority of the moving party's witnesses reside in a more convenient venue and the non-moving party makes virtually no countervailing argument to remain in the original venue. *See Somers*, 2000 WL 1280314 at *3. The convenience of witnesses also points

to transfer of venue to the District of South Carolina.

Having lost on the first two points, Allied argues that the factor regarding the situs of material events points to maintaining the action in Indiana because this is a declaratory judgment action regarding insurance contracts. As AHEPA points out, however, Allied has failed to consider the importance of the subjects of the insurance contracts to South Carolina. *Amoco*, 90 F.Supp. 2d at 961 (noting that in a declaratory judgment action involving environmental contamination, the court's construction of an agreement may depend on the nature of the environmental contamination). AHEPA argues that in the present case, the condition of the buildings as well as the circumstances surrounding the contested coverage at issue are of primary importance, and lend toward transfer of venue to South Carolina. *Id*.

Courts recognize the importance of the location of the situs and have ordered transfer to the encompassing district where the situs is located. *Amoco*, 90 F. Supp. 2d at 961. It is undisputed that the location of the buildings that are the subject of the insurance policies at issue are all in South Carolina. These buildings are all owned by South Carolina corporations. Allied also vaguely contends that the policies were issued in Indiana and performance under the policies would in all likelihood take place in Indiana.  However, Allied has not alleged where the policies were negotiated or executed. Failure by a party objecting to transfer to allege where the negotiation or execution of the agreement took place weighs in favor of transfer. *Amoco*, 90 F.Supp. 2d at 961.

Lastly, this court must consider the interests of justice. This factor may be determinative even if the convenience of parties, witnesses, etc. might call for a different result. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 987 (7th Cir. 2010).

One significant consideration of the interests of justice factor is the efficient administration of justice and the likelihood of a speedy trial. *Research Automation*, 626 F. 3d at 978. AHEPA has noted that the median time from filing to disposition is over two months shorter in the District of South Carolina and the median time from filing to trial is nearly ten months shorter in the District of South Carolina.  Clearly, the efficient administration of justice points toward transfer to South Carolina.

The relationship of the community to the controversy is another significant factor when weighing the interests of justice. *Research Automation, Inc.*, 626 F.3d at 978. "[T]here are certain types of cases in which a particular forum has a strong interest in hearing." *Amoco*, 90 F.Supp. 2d at 962 (noting the importance the case being transferred to district of the community where property was contaminated). In this case, damage to the condition of the buildings has forced many elderly and low-income residents from their homes in an area where there already exists a shortage of housing. Allied's Complaint admits that these residents are complaining of health issues at the residential structures at issue. (Complaint, ¶13). The structures that are the subject of this action cannot be rebuilt and restored until this insurance coverage dispute is resolved. Thus, "the local community has a strong interest in seeing a quick resolution to this …[a]ccordingly, this factor weighs in favor of transfer." *Id.*

A third factor in the interests of justice consideration is the court's familiarity with the substantive law that will be applied. Although Allied has not conceded that South Carolina law will be applied to this case, it has not put forth any argument that South Carolina law will not apply.  A South Carolina court will inherently be more familiar with South Carolina law as it applies to this case and thus be able to more efficiently apply that law and preside over this case.

9

This court concludes that the interests of justice militate in favor of transferring this case to the District of South Carolina.

As venue is improper in this district, and all factors point to transferring this case to the District of South Carolina rather than the Southern District of Indiana, this case will be transferred to the District of South Carolina.

Conclusion

On the basis of the foregoing, the defendants' motion to dismiss or transfer [DE 8] is hereby GRANTED.   The Clerk is directed to transfer this case to the District of South Carolina.

Entered: February 8, 2013.

s/ William C.  Lee
William C. Lee, Judge
United States District Court