IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Allied World Assurance Company (U.S.), Inc., <br><br> Plaintiff, <br><br> vs. <br><br> AHEPA National Housing Corporation; AHEPA Affordable Housing Management Company, Inc., d/b/a AHEPA Management Company, Inc.; AHEPA 242, Inc.; AHEPA 284 III, Inc.; and AHEPA 284, IV, Inc., <br><br> Defendants. | C/A No. 3:13-cv-00354-JFA <br><br><br><br> **ORDER** |

The plaintiff, Allied World Assurance Company, ("Allied World") initiated this action against AHEPA National Housing Corporation and other defendants [collectively "AHEPA"]. The complaint seeks a declaratory judgment that Allied World, an insurance company that issued insurance policies to AHEPA, owes no duty to indemnify AHEPA for certain claims arising under the policies. AHEPA timely filed an answer and counterclaim, seeking first-party benefits owed under the policy and asserting claims for breach of contract and for bad faith refusal to process and pay claims by Allied World.

Thereafter, Allied World filed a motion for judgment on the pleadings as to AHEPA's counterclaims. ECF Nos. 50–51. In the meantime, AHEPA had served notice of the taking of a deposition, pursuant to Fed. R. Civ. P. 30(b)(6), on one of Allied World's representatives. This prompted Allied World to file a motion to stay the 30(b)(6) deposition until the court had ruled on the motion for judgment on the pleadings as to the counterclaims. ECF No. 53.

The court conducted a conference call with all parties and discussed the above motions in general. AHEPA asserted that this court should deny Allied World's motion for judgment on the pleadings as to the counterclaims because, under established South Carolina law, AHEPA may assert a counterclaim for bad faith in the handling of the claims, irrespective of the merits of the underlying coverage dispute. The court then expressed its concern over whether AHEPA would be able to show damages from any deficiencies in the handling of the claim if this court later were to find no coverage under the policy. AHEPA responded with an itemization of damages, and, after reviewing this document, the court has determined that it must deny Allied World's motion for judgment on the pleadings. Moreover, the court has determined that oral argument would not aid in the decisional process.

For the foregoing reasons, this court denies the motion for judgment on the pleadings as to the counterclaims. The court, hereby, lifts the stay of the 30(b)(6) deposition and directs the parties to resume discovery in this case.

It should be noted that, on the laundry list of alleged damages set out in AHEPA's letter submitted on August 30, 2013, many items merely repeat various formulations of deficient policy handling with no indication, as the court had requested, of how any deficiencies led to compensatory damages. To cite one example, AHEPA contends that Allied World's delay in handling claims caused AHEPA to remain "in an indeterminate state of mind" for a year and a half. This is not a sufficient allegation of damages resulting from an inordinate delay. To cite another example, AHEPA contends that it "has lost interest on the premiums paid by AHEPA to [Allied World] for a . . . policy with 'allegedly' no coverage . . . ." This court is not aware of any legal theory that would allow recovery for lost interest on premiums paid for an insurance policy that excludes coverage for the damage incurred in the case.

In sum, although the court remains skeptical of the validity of the counterclaims, the court will at this time, out of an abundance of caution, deny the motion for judgment on the pleadings, ECF Nos. 50–51.  The parties are directed to resume discovery forthwith.

    IT IS SO ORDERED.

September 10, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge